UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. YANTIS; SARAH A. YANTIS; LAURETTA D. YANTIS; and ROWDY L. PARADIS,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAMS COUNTY, IDAHO; the ADAMS COUNTY SHERIFF'S OFFICE; RYAN ZOLLMAN, individually and in his official capacity as the Adams County Sheriff; CODY ROLAND, individually and in his official capacity as an Adams County Deputy Sheriff; BRIAN WOOD, individually and in his official capacity as an Adams County Deputy Sheriff; and John/JANE Does 1-10, individually and in their official capacities,<br><br>Defendants. | Case No.: 1:17-cv-430-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Donna J. Yantis, Sarah A. Yantis, Lauretta D. Yantis, and Rowdy L. Paradis' Motion to Set Bond Under Idaho Code § 6-610. Dkt. 1. The Court has reviewed the record and determined that oral argument will not aid the decisional process. For the reasons set forth below, the Court grants the Motion.

Section 6–610(2) of the Idaho Code requires a plaintiff to post bond before it initiates suit against a law enforcement officer. A court, however, may waive costs, fees, and security for indigents if (1) the party requesting a waiver files an affidavit stating that he is indigent and unable to pay the costs, fees, and security associated with his case, and

MEMORANDUM DECISION AND ORDER - 1

(2) the court finds, after informal inquiry, that the party is indigent for the purpose of prepayment of fees, costs, or security. Idaho Code § 31-220(2)(a), (b). This statute applies to bonds required under Idaho Code § 6-610. *Thiemann v. Donahue*, No. 1:14-CV-00172-BLW, 2014 WL 2948996, at *1 (D. Idaho June 30, 2014).

The four Plaintiffs in this case have submitted financial statements to the Court setting out their assets, obligations, and debts. However, the Plaintiffs have not indicated the amount of their monthly income or expenses. They also have not indicated whether they have spouses or dependents. These are relevant to the pending Motion. *See Raymond v. Sloan*, No. 1:13-CV-423-BLW, 2013 WL 6405020 (D. Idaho Dec. 6, 2013); *Taysom v. Bannock Cty.*, No. 1:12-CV-00020-BLW, 2012 WL 397734, at *1 (D. Idaho Feb. 7, 2012). The Court, therefore, cannot make a determination of whether Plaintiffs are indigent, financially strapped, or financially secure. Accordingly, the Court will not waive the bond as allowed under Idaho Code § 31-220(2)(a), (b). At this time, the Court also will not set a nominal bond amount as Plaintiffs request.

"The stated purpose for the bond requirement 'is to ensure . . . payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court.'" *Urrizaga v. Twin Falls Cty.*, 106 F. App'x 546, 549 (9th Cir. 2004) (quoting Idaho Code § 6-610(2)). For example, in the absence of any evidence of indigency, this Court has set a bond required under Idaho Code § 6-610 at $5,000. *See Timothy v. Oneida Cty.*, No. 4:14-CV-00362-BLW, 2014 WL 4384348 (D. Idaho Sept. 3, 2014).

The Court has reviewed the Complaint and finds an appropriate bond amount in this case to be $2,500. The Court, therefore, orders Plaintiffs to obtain the requisite statutory securities within 20 days of the date of this Order and to file such notice with the Court. Failure to obtain the requisite security will result in the dismissal of this case. Alternatively, Plaintiffs may file a motion to modify the bond requirement within 20 days of the date of this Order along with financial affidavits providing additional evidence of their inability to meet the bond requirement.

## ORDER

IT IS ORDERED:

1. Donna J. Yantis, Sarah A. Yantis, Lauretta D. Yantis, and Rowdy L. Paradis Motion to Set Bond Under Idaho Code § 6-610 (Dkt 1) is GRANTED;

2. The Court finds an appropriate bond amount in this case is $2,500, to be secured and posted within 20 days of this Order.

DATED: October 17, 2017

_____
David C. Nye
U.S. District Court Judge