PETER C. ERBLAND, ISBA #2456
perbland@lclattorneys.com
KATHARINE B. BRERETON, ISBA #9583
kbrereton@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID  83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

*Attorneys for Defendants Cody Roland
and Brian Wood*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. YANTIS; SARAH A. YANTIS; LAURETTA D. YANTIS; and ROWDY L. PARADIS,<br><br>    Plaintiffs,<br><br>  vs.<br><br>ADAMS COUNTY, IDAHO; the ADAMS COUNTY SHERIFF'S OFFICE; RYAN ZOLLMAN, individually and in his official capacity as the Adams County Sheriff; CODY ROLAND, individually and in his official capacity as Adams County Deputy Sheriff; BRIAN WOOD, individually and in his official capacity as an Adams County Deputy Sheriff; and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>    Defendants. | Case No:  1:17-cv-00430-DCN<br><br>**DEFENDANTS CODY ROLAND AND BRIAN WOOD'S ANSWER TO COMPLAINT** |

   Defendants Cody Roland and Brian Wood, by and through their attorneys of record, Peter

C. Erbland and Katharine B. Brereton of Lake City Law Group PLLC, and hereby answer

Plaintiffs' Complaint as follows:

**DEFENDANTS ROLAND AND WOOD'S ANSWER TO COMPLAINT - 1**

## GENERAL DENIAL

Defendants deny each and every allegation not expressly and specifically admitted in this answer.  The paragraph numbers in this answer correspond with the paragraph numbers in the complaint.

### I.     PARTIES

### Plaintiffs

1.     On information and belief, Defendants admit that Plaintiff Donna J. Yantis is an Idaho citizen residing in Adams County, Idaho.

2.     Defendants are without sufficient information or belief to either admit or deny that Donna was married the late Jack Fred Yantis in 1973 and therefore deny the same.  Defendants deny the remaining allegations in paragraph 2.

3.     On information and belief, Defendants admit that Plaintiff Sarah A. Yantis is an Idaho citizen residing in Adams County, Idaho.

4.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 4 and therefore deny the same.

5.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 5 and therefore deny the same.

6.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 6 and therefore deny the same.

7.     On information and belief, Defendants admit that Plaintiff Rowdy L. Paradis is an Idaho citizen residing in Adams County, Idaho.

8.     On information and belief, Defendants admit that Rowdy is Jack and Donna's nephew.

9.    Defendants admit that Plaintiffs refer to themselves, collectively, as "the Yantis Family".

**Defendants**

10.    Defendants admit that Adams County, Idaho is a body politic and corporate pursuant to Idaho Code § 31-601.

11.    Defendants admit the allegations in paragraph 11.

12.    Defendants admit the allegations in paragraph 12.

13.    Defendants admit that all actions taken by Sheriff Zollman related to the events of November 1, 2015, which are the subject of Plaintiffs' Complaint, were undertaken under color of state law.  Defendants deny the remaining allegations in paragraph 13.

14.    Defendants admit the allegations in paragraph 14.

15.    Defendants admit that Sheriff Zollman, as a statutory officer of Adams County, had final policymaking authority over certain matters, including hiring, retention, and supervision of deputy sheriffs.  Defendants deny the remaining allegations in paragraph 15.

16.    Defendants admit the allegations in paragraph 16.

17.    Defendants admit the allegations in paragraph 17.

18.    Defendants admit that Defendant Roland's actions related to the events of November 1, 2015, which are the subject of Plaintiffs' Complaint, were undertaken under color of state law. Defendants deny the remaining allegations in paragraph 18.

19.    Defendants admit the allegations in paragraph 19.

20.    Defendants admit the allegations in paragraph 20.

21.    Defendants admit that Defendant Wood's actions related to the events of November 1, 2015, which are the subject of Plaintiffs' Complaint, were undertaken under color of state law. Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that Plaintiffs refer to Defendants Roland and Wood, collectively, as "the Deputies".

23.     Defendants deny the allegations in paragraph 23.

## II.     JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

24.     Defendants reallege and incorporate by reference the above paragraphs as if fully set forth herein.

25.     Defendants admit that this court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.  Defendant denies the remaining allegations in paragraph 25.

26.     Defendants admit that this court has personal jurisdiction over Defendants Roland and Wood.  Defendants deny the remaining allegations in paragraph 26.

27.     Defendants admit that venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).  Defendants deny the remaining allegations in paragraph 27.

28.     Defendants admit the allegations in paragraph 28.

29.     Defendants admit that the Notice was sufficient to preserve Plaintiffs' right to assert the state law claims alleged in the Complaint.  Defendants deny the remaining allegations in paragraph 29.

30.     Defendants admit the allegations in paragraph 30.

31.     Defendants admit the allegations in paragraph 31.

32.     Defendants admit the allegations in paragraph 32.

## III.     FACTS

33.     Defendants reallege and incorporate by reference the above paragraphs as if fully set forth herein.

34.     Defendants admit the allegations in paragraph 34.

35.     Defendants admit the allegations in paragraph 35.

36.     Defendants admit the allegations in paragraph 36.

37.     Defendants admit the allegations in paragraph 37.

38.     The allegations in paragraph 38 contain legal argument and/or conclusions to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants admit the allegations in paragraph 41.

42.     Defendants admit the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants admit the allegations in paragraph 45.

46.     Defendants admit the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants admit the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants admit the allegations in paragraph 53.

54.     Defendants admit the allegations in paragraph 54.

55.     Defendants admit the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 59 and therefore deny the same.

60.     Defendants admit the allegations in paragraph 60.

61.     Defendants admit that on July 6, 2011, Defendant Wood stopped a vehicle driven by a man. Defendants deny the remaining allegations in paragraph 61.

62.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 62, and therefore deny the same.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants admit that an investigation was conducted by Idaho State Police.  Defendants deny the remaining allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants admit that Defendant Wood's employment with the McCall Police Department ended on or about November 30, 2011.  Defendants deny the remaining allegations in paragraph 69.

70.     Defendants admit the allegations in paragraph 70.

71.     Defendants admit the allegations in paragraph 71.

72.     Defendants admit the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants admit the allegations in paragraph 74.

75.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 75 and therefore deny the same.

76.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 76 and therefore deny the same.

77.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 77 and therefore deny the same.

78.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 78 and therefore deny the same.

79.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 79 and therefore deny the same.

80.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 80 and therefore deny the same.

81.     On information and belief, Defendants admit that Jack Yantis was 5'6" tall.  Defendants deny the remaining allegations in paragraph 81.

82.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 82 and therefore deny the same.

83.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 83 and therefore deny the same.

84.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 84 and therefore deny the same.

85.     Defendants admit the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants admit the bull was injured from the collision.  Defendants deny the remaining allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants admit the allegations in paragraph 89.

90.     Defendants admit the allegations in paragraph 90.

91.     Defendants admit the allegations in paragraph 91.

92.     Defendants admit the allegations in paragraph 92.

93.     Defendants admit that Defendant Roland is 6'3" tall and was 38 years old on November 1, 2015.  Defendants admit that, based upon information learned after November 1, 2015, that Defendant Roland was 9 inches taller and 24 years younger than Jack Yantis.  Defendants aver that, on November 1, 2015, Defendant Roland did not know that he was 9 inches taller and 24 years younger than Jack Yantis.

94.     Defendants admit the allegations in paragraph 94.

95.     Defendants admit the allegations in paragraph 95.

96.     Defendants admit that Deputy Wood's personal AR-15 rifle had a Noveske barrel, a holographic sight, and a magnifier.  Defendant denies the remaining allegations in paragraph 96.

97.     Defendants admit the allegations in paragraph 97.

98.     Defendants admit that Defendant Wood did not have less-lethal options available to him.

99.     Defendants admit that Defendant Wood's Taser had quit working and he had not been issued a functional Taser.

100.    Defendants admit that Defendant is 6'2" tall and was 31 years old on November 1, 2015. Defendants admit that, based upon information learned after November 1, 2015, that Defendant Wood was 8 inches taller and 31 years younger than Jack Yantis.  Defendants aver that, on

November 1, 2015, Defendant Wood did not know that he was 8 inches taller and 31 years younger than Jack Yantis.

101.    Defendants admit the allegations in paragraph 101.

102.    Defendants admit the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants admit that Deputy Wood moved to the west side of the highway.  Defendants admit that Deputy Roland moved west and south and stood near the center of the southbound lane of traffic.

106.    On information and belief, Defendants admit the allegations in paragraph 106.

107.    On information and belief, Defendants admit the allegations in paragraph 107.

108.    Defendants are without sufficient information or belief to either admit or deny the allegations contained in paragraph 108 and therefore deny the same.

109.    Defendants are without sufficient information or belief to either admit the deny the allegations in paragraph 109 and therefore deny the same.

110.    Defendants are without sufficient information or belief to either admit the deny the allegations in paragraph 110 and therefore deny the same.

111.    Defendants admit the allegations in paragraph 111.

112.    Defendants admit that Defendant Wood shot the bull.  Defendants deny the remaining allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 117 and therefore deny the same.

118.    On information and belief, Defendants admit the allegations in paragraph 118.

119.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 119 and therefore deny the same.

120.    On information and belief, Defendants admit the allegations in paragraph 120.

121.    Defendants admit the headlights on the skid-steer were on.  Defendants are without sufficient information or belief to either admit or deny the remaining allegations in paragraph 121 and therefore deny the same.

122.    On information and belief, Defendants admit the allegations in paragraph 122.

123.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 123 and therefore deny the same.

124.    Defendants admit that the four-wheeler was pointed at the bull when it was parked and the headlights were on.  Defendants are without sufficient information to either admit or deny the remaining allegations in paragraph 124 and therefore deny the same.

125.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 125 and therefore deny the same.

126.    Defendants admit that neither Deputy Wood nor Deputy Roland spoke to Donna when they noticed her.

127.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 127 and therefore deny the same.

128.    Defendants admit that Defendants Roland and Wood saw Jack.  Defendants deny the

remaining allegations in paragraph 128.

129.   Defendants admit that Defendants Roland and Wood saw Jack load the rifle, and up to that point, did not speak to him.  Defendants deny the remaining allegations in paragraph 129.

130.   Defendants admit the allegations in paragraph 130.

131.   Defendants admit that Deputy Wood and Deputy Roland did not speak to Jack when he first approached the bull.  Defendants deny the remaining allegations in paragraph 131.

132.   Defendant Wood admits that he recalls that Jack said, "Put that piece of shit away" in a gruff tone.  Defendant Roland admits that he recalls that Jack said "Get that piece of shit away from my animal" in an aggressive tone.  Defendants deny the remaining allegations in paragraph 132.

133.   Defendants admit the allegations in paragraph 133.

134.   Defendants admit the allegations in paragraph 134.

135.   Defendants deny the allegations in paragraph 135.

136.   Defendants admit that Defendants Roland and Wood did not specifically ask Jack to shoot from a particular location or specifically ask Jack to shoot the bull in a particular direction. Defendants deny the remaining allegations in paragraph 136.

137.   Defendants admit the allegations in paragraph 137.

138.   Defendants admit that Deputy Roland shined his flashlight on the bull's head.  Defendants deny the remaining allegations in paragraph 138.

139.   Defendants admit the allegations in paragraph 139.

140.   Defendants admit the allegations in paragraph 140.

141.   On information and belief, Defendants admit the allegations in paragraph 141.

142.   Defendants deny the allegations in paragraph 142.

**DEFENDANTS ROLAND AND WOOD'S ANSWER TO COMPLAINT - 11**

143.    Defendants admit that Jack pointed the rifle in the direction of the bull.  Defendants deny the remaining allegations in paragraph 143.

144.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 144 and therefore deny the same.

145.    Defendants deny the allegations in paragraph 145.

146.    Defendants deny the allegations in paragraph 146.

147.    On information and belief, Defendants admit the allegations in paragraph 147.

148.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 148 and therefore deny the same.

149.    Defendants deny the allegations in paragraph 149.

150.    Defendants deny the allegations in paragraph 150.

151.    Defendants deny the allegations in paragraph 151.

152.    Defendants deny the allegations in paragraph 152.

153.    Defendants admit Defendants Roland and Wood did not specifically state, "Put the rifle down" to Jack.  Defendants deny the remaining allegations in paragraph 153.

154.    Defendants deny the allegations in paragraph 154.

155.    Defendants admit the allegations in paragraph 155.

156.    Defendants deny the allegations in paragraph 156.

157.    Defendants deny the allegations in paragraph 157.

158.    Defendants deny the allegations in paragraph 158.

159.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 159 and therefore deny the same.

160.    Defendants admit that Jack's rifle discharged.  Defendants deny the remaining allegations

in paragraph 160.

161.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 161 and therefore deny the same.

162.     Defendants deny the allegations in paragraph 162.

163.     Defendants deny the allegations in paragraph 163.

164.     Defendants admit the allegations in paragraph 164.

165.     Defendants admit the allegations in paragraph 165.

166.     On information and belief, Defendants admit the allegations in paragraph 166.

167.     Defendants admit the allegations in paragraph 167.

168.     Defendants deny the allegations in paragraph 168.

169.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 169 and therefore deny the same.

170.     Defendants deny the allegations in paragraph 170.

171.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 171 and therefore deny the same.

172.     Defendants deny the allegations in paragraph 172.

173.     Defendants admit that Donna eventually complied with Defendant Roland's commands. Defendants deny the remaining allegations in paragraph 173.

174.     Defendants deny the allegations in paragraph 174.

175.     Defendants deny the allegations in paragraph 175.

176.     Defendants deny the allegations in paragraph 176.

177.     Defendants deny the allegations in paragraph 177.

178.     Defendants deny the allegations in paragraph 178.

179.    Defendants admit the allegations in paragraph 179.

180.    Defendants admit the allegations in paragraph 180.

181.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph in 181.

182.    Defendants deny the allegations in paragraph 182.

183.    Defendants den the allegations in paragraph 183.

184.    The allegations in paragraph 184 contain legal argument to which no response is required. If a response is required, Defendants deny the allegations in paragraph 184.

185.    The allegations in paragraph 185 contain legal argument to which no response is required. If a response is required, Defendants deny the allegations in paragraph 185.

186.    Defendants deny the allegations in paragraph 186.

187.    Defendants deny the allegations in paragraph 187.

188.    Defendants deny the allegations in paragraph 188.

189.    Defendants deny the allegations in paragraph 189.

190.    Defendants deny the allegations in paragraph 190.

191.    Defendants deny the allegations in paragraph 191.

192.    Defendants deny the allegations in paragraph 192.

193.    Defendants deny the allegations in paragraph 193.

194.    Defendants deny the allegations in paragraph 194.

195.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 195 and therefore deny the same.

196.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 196 and therefore deny the same.

**DEFENDANTS ROLAND AND WOOD'S ANSWER TO COMPLAINT - 14**

197.     The allegations in paragraph 197 contain legal argument to which no response is required. If a response is required, Defendants deny the allegations in paragraph 197.

198.     The allegations in paragraph 198 contain legal argument to which no response is required. If a response is required, Defendants deny the allegations in paragraph 198.

199.     Defendants deny the allegations in paragraph 199.

200.     Defendants deny the allegations in paragraph 200.

201.     Defendants admit that Defendants Roland and Wood briefly discussed the incident with Defendant Zollman when he arrived at the scene.  Defendants deny the remaining allegations in paragraph 201.

202.     On information and belief, Defendants admit the allegations in paragraph 202.

203.     Defendants admit that Defendants Roland and Wood initially believed that Jack may have shot Defendant Roland and that it was later determined that he had not been shot.  Defendants deny the remaining allegations in paragraph 203.

204.     Defendants admit that Defendant Roland had not been shot by Jack.  Defendants deny the remaining allegations in paragraph 204.

205.     Defendants deny the allegations in paragraph 205.

206.     Defendants deny the allegations in paragraph 206.

207.     Defendants deny the allegations in paragraph 207.

208.     Defendants deny the allegations in paragraph 208.

209.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 209 and therefore deny the same.

210.     Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 210 and therefore deny the same.

211.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 211 and therefore deny the same.

212.    Defendants deny the allegations in paragraph 212.

213.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 213 and therefore deny the same.

214.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 214 and therefore deny the same.

215.    Defendants deny the allegations in paragraph 215.

216.    The allegations in paragraph 216 contain legal argument to which no response is required. If a response is required, Defendants admit that Donna, Sarah, and Lauretta are Jack's heirs and may therefore file a suit for wrongful death under Idaho law.  Defendants deny the remaining allegations in paragraph 216.

217.    The allegations in paragraph 217 contain legal argument to which no response is required. If a response is required, Defendants deny the allegations in paragraph 217.

218.    Defendants admit that Jack's death resulted in the loss of Donna's conjugal relationship with him.  Defendants deny the remaining allegations in paragraph 218.

219.    The allegations in paragraph 219 contain legal argument to which no response is required. If a response is required, Defendants deny the allegations in paragraph 219.

220.    Defendants are without sufficient information or belief to either admit or deny the allegations in paragraph 220 and therefore deny the same.

## IV.    CLAIMS

221.    Defendants reallege and incorporate by reference the above paragraphs as if fully set forth herein.

//

### FOURTH AMENDMENT CLAIMS

222.    The allegations in paragraph 222 contain legal argument to which no response is required. If a response is required, Defendants aver that the Fourth and Fourteenth Amendments speak for themselves.

223.    The allegations in paragraph 223 contain legal argument to which no response is required. If a response is required, Defendants aver that the Fourth Amendment speaks for itself.

224.    The allegations in paragraph 224 contain legal argument to which no response is required. If a response is required, Defendants aver that the Fourth Amendment speaks for itself.

225.    The allegations in paragraph 225 contain legal argument to which no response is required. If a response is required, Defendants deny the allegations in paragraph 225.

**Count One:  Violation of Jack's Fourth Amendment Rights
Brought by Donna, Sarah, and Lauretta
Against Deputies Roland and Wood**

226.    Defendants deny the allegations in paragraph 226.

227.    Defendants deny the allegations in paragraph 227.

228.    Defendants deny the allegations in paragraph 228.

229.    Defendants deny the allegations in paragraph 229.

230.    Defendants deny the allegations in paragraph 230.

231.    Defendants deny the allegations in paragraph 231.

232.    Defendants deny the allegations in paragraph 232.

233.    Defendants deny the allegations in paragraph 233.

**Count Two:  Violation of Jack's Fourth Amendment Rights
Brought by Donna, Sarah, and Lauretta
Against Adams County, the Adams County Sheriff's Office, and Sheriff Zollman**

234.    Defendants admit Defendant Zollman hired, trained, and supervised Defendants Roland and Wood.  Defendants deny that Defendant Zollman controlled them at all places and at all times.

235.    Defendants deny the allegations in paragraph 235.

236.    Defendants deny the allegations in paragraph 236.

237.    Defendants deny the allegations in paragraph 237.

238.    Defendants deny the allegations in paragraph 238.

239.    Defendants deny the allegations in paragraph 239.

**Count Three:  Violation of Donna and Rowdy's Fourth Amendment Rights
Brought by Donna and Rowdy
Against Deputies Roland and Wood**

240.    Defendants deny the allegations in paragraph 240.

241.    Defendants deny the allegations in paragraph 241.

242.    Defendants deny the allegations in paragraph 242.

243.    Defendants deny the allegations in paragraph 243.

244.    Defendants deny the allegations in paragraph 244.

245.    Defendants deny the allegations in paragraph 245.

**Count Four:  Violation of Donna and Rowdy's Fourth Amendment Rights
Brought by Donna and Rowdy
Against Adams County, the Adams County Sheriff's Office, and Sheriff Zollman**

246.    Defendants admit that Defendant Zollman hired, retained, trained, and supervised Defendants Roland and Wood.  Defendants deny that Defendant Zollman controlled them at all places and at all times.

247.    Defendants deny the allegations in paragraph 247.

248.    Defendants deny the allegations in paragraph 248.

249.     Defendants deny the allegations in paragraph 249.

250.     Defendants deny the allegations in paragraph 250.

251.     Defendants deny the allegations in paragraph 251.

252.     Defendants deny the allegations in paragraph 252.

253.     Defendants deny the allegations in paragraph 253.

254.     Defendants deny the allegations in paragraph 254.

255.     Defendants admit that Defendant Zollman had final policymaking authority over certain

matters.  Defendants deny the remaining allegations in paragraph 255.

256.     Defendants deny the allegations in paragraph 256.

**IDAHO STATE LAW CLAIMS**

**Count Five: Wrongful Death**
**Brought by Donna, Sarah, and Lauretta**
**Against All Defendants**

257.     Defendants deny the allegations in paragraph 257.

258.     Defendants deny the allegations in paragraph 258.

259.     Defendants deny the allegations in paragraph 259.

260.     Defendants deny the allegations in paragraph 260, including subparts (a) – (e).

261.     Defendants deny the allegations in paragraph 261, including subparts (a) – (e).

262.     Defendants deny the allegations in paragraph 262.

263.     Defendants deny the allegations in paragraph 263.

264.     Defendants deny the allegations in paragraph 264.

**Count Six:  Assault and Battery**
**Brought by Donna and Rowdy**
**Against All Defendants**

265.     Defendants deny the allegations in paragraph 265.

266.    Defendants deny the allegations in paragraph 266.

267.    Defendants deny the allegations in paragraph 267.

268.    Defendants deny the allegations in paragraph 268.

269.    Defendants deny the allegations in paragraph 269.

270.    Defendants deny the allegations in paragraph 270.

271.    Defendants admit that Defendants Roland and Wood were acting within the course and scope of their employment related to the events of November 1, 2015, which are the subject of Plaintiffs' Complaint.  Defendants deny the remaining allegations in paragraph 271.

272.    Defendants deny the allegations in paragraph 272.

273.    Defendants deny the allegations in paragraph 273.

**Count Seven:  False Imprisonment**
**Brought by Donna and Rowdy**
**Against All Defendants**

274.    Defendants deny the allegations in paragraph 274.

275.    Defendants deny the allegations in paragraph 275.

276.    Defendants deny the allegations in paragraph 276.

277.    Defendants deny the allegations in paragraph 277.

278.    Defendants deny the allegations in paragraph 278.

279.    Defendants deny the allegations in paragraph 279.

280.    Defendants admit that Defendants Roland and Wood were acting within the course and scope of their employment related to the events of November 1, 2015, which are the subject of Plaintiffs' Complaint.  Defendants deny the remaining allegations in paragraph 280.

281.    Defendants deny the allegations in paragraph 281.

282.    Defendants deny the allegations in paragraph 282.

283.   Defendants deny the allegations in paragraph 283.

//

## Count Eight:  Negligent Infliction of Emotional Distress
## Brought by Donna, Sarah, and Lauretta
## Against All Defendants

284.   Defendants deny the allegations in paragraph 284.

285.   Defendants deny the allegations in paragraph 285.

286.   Defendants deny the allegations in paragraph 286.

287.   Defendants deny the allegations in paragraph 287.

## Count Nine:  Intentional Infliction of Emotional Distress
## Brought by Donna, Sarah, and Lauretta
## Against Deputies Roland and Wood

288.   Defendants deny the allegations in paragraph 288.

289.   Defendants deny the allegations in paragraph 289.

290.   Defendants deny the allegations in paragraph 290.

291.   Defendants deny the allegations in paragraph 291.

292.   Defendants deny the allegations in paragraph 292.

## AFFIRMATIVE DEFENSES

A.   Discovery, investigation, and research may show that one or more claims in the Complaint fail to state a cause of action upon which relief may be granted.

B.   The alleged actions of Defendants Roland and Wood, if any, do not rise to the level of a deprivation of a constitutionally protected right or statutory right.  By asserting this defense, Defendants Roland and Wood do not admit any wrongdoing, but deny the same unless expressly and specifically admitted herein.

C.   Any and all conduct on the part of Defendants Roland and Wood with respect to the matters

alleged in the Complaint was lawful, justifiable, and performed within their duties and responsibilities as deputies, in good faith and with the belief that such acts were proper and appropriate.

D.      Defendants Roland and Wood are entitled to qualified immunity on all of Plaintiffs' claims.

E.      Defendants Roland and Wood are not liable in their individual capacity.

F.      Discovery, investigation, and research may show that Plaintiffs have failed to mitigate their damages.

G.      Plaintiffs' damages, if any, were proximately caused by the negligent or otherwise wrongful conduct of Plaintiffs and/or others.

Whereas discovery is ongoing in this matter, Defendants Roland and Wood reserve the right to modify and amend the Answer to the Complaint in this matter.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Defendants Roland and Wood pray for judgment against Plaintiffs as follows:

1.     That Plaintiffs' Complaint be dismissed and the Plaintiffs recover nothing;

2.     That Defendants Roland and Wood be awarded their costs of suit and reasonable attorneys' fees in defending this action; and

3.     That Defendants Roland and Wood be awarded such other and further relief as the Court deems proper.

DATED this 16th day of January, 2018.

LAKE CITY LAW GROUP PLLC


_____/ s /_____
PETER C. ERBLAND


LAKE CITY LAW GROUP PLLC


_____/ s /_____
KATHARINE B. BRERETON


*Attorneys for Defendants Cody Roland and Brian Wood*

**DEFENDANTS ROLAND AND WOOD'S ANSWER TO COMPLAINT - 23**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of January, 2018, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*Attorneys for Plaintiffs*:

Charles F. Peterson                    ☒  Email: chuck@petersonlawyers.com
PETERSON LAW OFFICES
913 W. River St. #420
Boise, ID 83702


R. Daniel Fleck                        ☒  Email: fleck@spencelawyers.com
G. Bryan Ulmer, III                    ☒  Email: ulmer@spencelawyers.com
Michael F. Lutz
THE SPENCE LAW FIRM, LLC
15 S. Jackson St.
P.O. Box 548
Jackson, WY 83001


*Attorneys for Defendants Adams County,*
*Idaho, Adams County Sheriff's Office, and*
*Sheriff Ryan Zollman*

Bentley G. Stromberg                   ☒  Email: bstromberg@clbrmc.com
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
321 13th St.
P.O. Box 1510
Lewiston, Idaho 83501


_____/ s / _____
Nicky Hastings

**DEFENDANTS ROLAND AND WOOD'S ANSWER TO COMPLAINT - 24**