Charles F. Peterson (Idaho Bar # 3346)
chuck@petersonlawyers.com
PETERSON LAW OFFICES
913 W. River Street # 420
Boise, ID 83702
Tel: (208) 342-4633 / (208) 336-2059 (fax)

R. Daniel Fleck (*pro hac vice*)
fleck@spencelawyers.com
G. Bryan Ulmer, III (*pro hac vice*)
ulmer@spencelawyers.com
Michael F. Lutz (Idaho Bar # 9218)
lutz@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
Tel: (307) 733-7290 / (307) 733-5248 (fax)

*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. YANTIS; SARAH A. YANTIS; LAURETTA D. YANTIS; and ROWDY L. PARADIS<br><br>*Plaintiffs*,<br><br>vs.<br><br>ADAMS COUNTY, IDAHO; the ADAMS COUNTY SHERIFF'S OFFICE; RYAN ZOLLMAN, individually and in his official capacity as the Adams County Sheriff; CODY ROLAND, individually and in his official capacity as an Adams County Deputy Sheriff; BRIAN WOOD, individually and in his official capacity as an Adams County Deputy Sheriff; and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>*Defendants*. | Case No.: 1:17-cv-430-DCN<br><br>**RESPONSE TO ORDER TO SHOW CAUSE [DOC. NO. 29]** |

Plaintiffs respectfully request that the Motion for Entry of Default not be denied by the Court, but rather, that the motion be deemed withdrawn because, prior to the Court's Order to Show Cause, plaintiffs filed a notice withdrawing the motion. See Doc. No. 28. As set forth in Plaintiffs' Notice Of Withdrawal Of Application For Entry Of Default Against Defendants Cody Roland And Brian Wood, plaintiffs are no longer seeking entry of default against defendants Roland and Wood. As further response to the Court's Order to Show Cause and as clarification why plaintiffs filed the Motion for Entry of Default, plaintiffs respond as follows:

The Motion for Entry of Default was filed three days after the defendants' Answer was due at a time when defendants were in default. Even though the deadline fell on a weekend, Federal Rule of Civil Procedure 6 did not apply to extend the due date of the Answer beyond the date certain agreed for the extension.[1] Rule 6 only applies when "*computing* any time period specified in this rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a) (emphasis added). "The language of Rule 6(a) does not address situations where litigants are required to file papers on a particular, stated, calendar date." *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1018 (6th Cir. 2005); see also Fed. R. Civ. P. 6(a)(1) (dealing with periods of time "stated in days," not specific calendar deadlines.)

The Advisory Committee Notes to the 2009 Amendments to the Federal Rules of Civil Procedure explained that amendments to Rule 6 were intended to resolve a split in authority as to whether the provisions of the rule applied to dates certain:

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*,

---

1. Counsel for Defendant Adams County, Adams County Sheriff's Office and Ryan Zollman asked for the same extension and filed their Answer on the agreed date, a Saturday.

2

427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of *In re American Healthcare Management, Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern.

Fed. R. Civ. P. 6 advisory committee's note.

At defendants' request, plaintiffs agreed to extend the deadline to file an Answer until January 13, 2018, "a particular, stated calendar date" -- not a period of time "stated in days." Because the extension was a date certain, there was no need to compute any time period for response and the provisions of FRCP 6, including the provisions relating to weekends and holidays set forth in FRCP 6(a)(1)(c) did not apply to extend the agreed upon and particular calendar date deadline. However, because defendants called to explain they had made a calendaring error (after the motion for entry of default was filed) and filed their Answer later the very same day, Plaintiffs agreed to withdraw the Motion for Entry of Default and filed a notice advising the Court of the same.

For the reasons set forth above, plaintiffs respectfully request that the Motion for Entry of Default not be denied based upon FRCP 6(a)(1), but be deemed withdrawn instead.

DATED this 24th day of January, 2018

> */s/ G. Bryan Ulmer, III*
> THE SPENCE LAW FIRM, LLC
> R. Daniel Fleck
> G. Bryan Ulmer, III
> Michael F. Lutz
>
> PETERSON LAW OFFICES
> Charles F. Peterson
>
> *Attorneys for the Plaintiffs*

3

## CERTIFICATE OF SERVICE

I certify that on the 24th day of January, 2018, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Peter C. Erbland | x Email: perbland@lclattorneys.com |
| Katharine B. Brereton | x Email: kbrereton@lclattorneys.com |
| LAKE CITY LAW GROUP, PLLC | |
| 435 W. Hanley Avenue, Suite 101 | |
| Coeur d'Alene, ID 83815 | |
| Tel: (208) 664-8115 | |
| *Attorneys for Defendants Roland and Wood* | |
| | |
| Bentley G. Stromberg | |
| CLEMENTS, BROWN & MCNICHOLS, P.A. | x Email: bstromberg@clbrmc.com |
| Attorneys at Law | |
| 321 13th St. | |
| P.O. Box 1510 Lewiston, | |
| ID 83501 | |
| Tel: (208) 743-6538 | |
| *Attorneys for Defendants Adams County, Idaho, Adams County Sheriff's Office, and Sheriff Ryan Zollman* | |

/s/ G. Bryan Ulmer, III
THE SPENCE LAW FIRM, LLC