UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA J. YANTIS; SARAH A. YANTIS; LAURETTA D. YANTIS; and ROWDY L. PARADIS,<br><br>                Plaintiffs,<br><br>    v.<br><br>ADAMS COUNTY, IDAHO; the ADAMS COUNTY SHERIFF'S OFFICE; RYAN ZOLLMAN, individually and in his official capacity as the Adams County Sheriff; CODY ROLAND, individually and in his official capacity as an Adams County Deputy Sheriff; BRIAN WOOD, individually and in his official capacity as an Adams County Deputy Sheriff; and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>                Defendants. | Case No. 1:17-cv-00430-DCN<br><br>**CASE MANAGEMENT ORDER**<br><br>**TRACK:   (Complex)** |

In accordance with the agreements reached in the Joint Litigation Plan and Discovery Plan submitted by the parties to the Court on March 28, 2018, and to further the efficient administration of this matter,

NOW THEREFORE, IT IS SO ORDERED that the following recitation of deadlines and procedures shall govern this litigation:

CASE MANAGEMENT ORDER - 1

1. <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by **June 21, 2019**[1] This deadline will **not** be extended even if you are having discovery disputes.

    a. This is the critical event for case management and will dictate when the trial will be set.

    b. As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions. To facilitate a prompt trial setting, I will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument. If a decision is not issued within this time frame, I invite inquiry from counsel as to the status of the decision.

2. <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **September 21, 2018**. This deadline shall only be extended for good cause shown.[2] All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target. Although this

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party.   If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the 20-page limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an over-length brief, rather than filing separate motions for each issue.   The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

CASE MANAGEMENT ORDER - 2

deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

3. Alternative Dispute Resolution Plan: The parties are strongly encouraged to engage in Alternative Dispute Resolution.

4. Discovery Plan: **All discovery shall be in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the parties stipulated discovery plan which is incorporated herein by reference**.

5. Completion of Discovery: All *factual discovery* will be completed by **May 24, 2019**. These deadlines are for the completion of all discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date. The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damage issues, until after I have ruled on any dispositive issues.

6. Disclosure of Experts:

   a. The Plaintiff shall disclose the experts intended to be called at trial on or before **March 8, 2019**.

   b. The Defendant shall disclose the experts intended to be called at trial on or before **April 17, 2019**.

   c. All rebuttal experts shall be identified on or before **May 1, 2019**.

CASE MANAGEMENT ORDER - 3

       d.       All *expert discovery* will be completed by **June 21, 2019**.

7.      <u>Rules Governing Disclosures of Expert Witnesses</u>: Within the deadlines for disclosure of expert witnesses set out in the CMO, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

8.      <u>Scheduling of Trial and Pretrial Conference</u>: Plaintiffs' counsel shall contact my Courtroom Deputy, Pam Fulwyler, within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephone scheduling conference between counsel and me in which the trial and pretrial conference shall be set. If no dispositive motion is filed, Plaintiffs' counsel shall immediately contact Ms. Fulwyler within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

9.      <u>Law Clerk</u>: If counsel has a procedural or legal question that needs to be brought to my attention, please contact Colleen Smith, the law clerk assigned to this case at (208) 478-8393.

10.     <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

       a.       I will **not** refer this case to a magistrate judge for resolution of discovery

CASE MANAGEMENT ORDER - 4

disputes and non-dispositive motions. I will keep these motions on my own docket.

b.  The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

c.  In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Colleen Smith, the law clerk assigned to this case, and shall provide him with a brief written summary of the dispute and the parties' respective positions.   Ms. Smith may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

d.  Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

11. <u>Calendaring Clerk</u>: Scheduling matters and calendar issues may be directed to **Pam Fulwyler**, who may be reached at (208) 478-4101.

CASE MANAGEMENT ORDER - 5

12. <u>Docketing Clerk:</u> If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED: April 13, 2018

_____
David C. Nye
U.S. District Court Judge

CASE MANAGEMENT ORDER - 6