Charles F. Peterson (Idaho Bar # 3346)
chuck@petersonlawyers.com
PETERSON LAW OFFICES
913 W. River Street # 420
Boise, ID 83702
Tel: (208) 342-4633 / (208) 336-2059 (fax)

R. Daniel Fleck (*pro hac vice*)
fleck@spencelawyers.com
G. Bryan Ulmer, III (*pro hac vice*)
ulmer@spencelawyers.com
Michael F. Lutz (Idaho Bar # 9218)
lutz@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
Tel: (307) 733-7290 / (307) 733-5248 (fax)

*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| DONNA J. YANTIS, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>ADAMS COUNTY, IDAHO, et al.,<br><br>*Defendants*. | Case No.: 1:17-cv-430-DCN<br><br>UNOPPOSED MOTION FOR RETURN OF BOND |

1. The Plaintiffs' attorneys previously deposited $5,000 into the Court's registry to satisfy the bond requirement of Idaho Code § 6-610. *See* Doc. 7, Order Approving Bond and Permitting Deposit of Moneys in the Court Registry; Doc. 9, Notice of Compliance.

2. The parties have subsequently settled the case and thus it has been dismissed. Doc. 35, Order for Dismissal with Prejudice as to All Defendants.

3. The purpose of the statutory bond requirement "is to ensure diligent prosecution of a civil action brought against a law enforcement officer, and in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court." I.C. § 6-610(2).

4. The Order for Dismissal specified that the parties are to bear their own costs and attorneys' fees. *Id.* Because Plaintiffs diligently prosecuted the action to a successful conclusion and no expenses are owed to Defendants, the bond has outlived its purpose and should be released.

5. Plaintiffs' counsel have conferred with counsel for both Defendants, who have advised that they do not oppose this Motion.

6. An order is required to withdraw finds that have been deposited into the Court's registry. 28 U.S.C. § 2042 provides: "No money deposited under section 2041 of this title shall be withdrawn except by order of court." D. Idaho Loc. Civ. R. 67.2(a) provides: "Funds may only be withdrawn upon an order of this Court."

7. Pursuant to Dist. Idaho Loc. Civ. R. 67.2, the Plaintiffs' attorneys respectfully request an Order authorizing the withdrawal and return of the amount of the bond, plus any accrued interest.

DATED this 14th day of December, 2018.

By: */s/ Michael F. Lutz*
Michael F. Lutz

*Attorney for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of December, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Peter C Erbland and Katharine B. Brereton
Attorneys for Defendants Cody Roland and Brian Wood
(e: perbland@LCLattorneys.com, kbrereton@lclattorneys.com)

Bentley G Stromberg
Attorney for Defendants Adams County, Idaho; Adams County Sheriff's Office; and Sheriff Ryan Zollman
(e: bstromberg@clbrmc.com)

By: */s/ Michael F. Lutz*
     Michael F. Lutz

*Attorney for the Plaintiffs*